UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10983-GAO

BARRY H. SPENCER,
Petitioner,

v.

ROBERT MURPHY, et al.,
Respondents.

MEMORANDUM AND ORDER

O'TOOLE, D.J.

Petitioner Barry H. Spencer, Jr., has filed a petition for a writ of habeas corpus and motions for leave to proceed in forma pauperis and for appointment of counsel. The petition has not been served so that the Court may determine whether the respondent should be required to reply to the petition. See 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent).

Although the petition is not completely clear, it appears that Spencer has been found incompetent to stand trial in two pending state criminal proceedings. It also appears that the thrust of his petition is a challenge to the calculation by the Department of Correction ("DOC") of his possible period of incarceration if he were to be convicted of the charges pending against him. See Pet. at ¶¶ 9-13 & Exs. C, D.[1] In a notice of change of address filed on July 18, 2011

---

[1] Under Massachusetts law, where a person is found incompetent to stand trial, the DOC is required to calculate to the "time of imprisonment which the person would have had to serve prior to becoming eligible for parole if he had been convicted of the most serious crime with which he was charged . . . and sentenced to the maximum sentence he could have received, if so

(#5), he also petitions this Court for bail.

The Court will abstain from exercising jurisdiction over this petition. "Federal courts have long recognized 'the fundamental policy against federal interference with state criminal proceedings.'" In re Justices of Superior Court Dept. of Mass. Trial Court, 218 F.3d 11, 16 (1st Cir. 2000) (quoting Younger v. Harris, 401 U.S. 37, 46 (1971)). Under Younger, federal courts "abstain from interfering with state court proceedings even where defendants claim violations of important federal rights," In re Justices, 218 F.3d at 17, as long as the "federal claims" can be "raised and resolved somewhere in the state process" Maymó-Meléndez v. Álvarez-Ramírez, 364 F.3d 27, 36 (1st Cir. 2004) (emphasis added). This doctrine of abstention applies to pretrial habeas cases, except in cases of double jeopardy and speedy trial claims. See In re Justices, 218 F.3d at 19.

Here, the Court has no reason believe that Spencer cannot find relief in the state courts. Spencer's petition, the docket sheets of the two criminal proceedings against him that Spencer submitted with his petition, and his request for bail do not indicate that he has been unable to seek relief in the state courts.

Accordingly:

(1)  The motion for leave to proceed in forma pauperis (#2) is granted.

(2)  The motion for appointment of counsel (#3) is denied.

(3)  The petition for a writ of habeas corpus (#1) is denied and this action is dismissed.

---

convicted." M.G.L. ch. 123, § 16(f). "On the final date of such period, the court shall dismiss the criminal charges against such person, or the court in the interest of justice may dismiss the criminal charges against such person prior to the expiration of such period." Id.

SO ORDERED.

 9/29/11                       　　　　　　　　　　　   /s/ George A. O'Toole, Jr.
DATE                                              GEORGE A. O'TOOLE, JR.
                                                  UNITED STATES DISTRICT JUDGE